**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RAY RICHARD RENFRO,

    Petitioner,

v.

ROSEANNE CAMPBELL,

    Respondent.

Case Number C 06-189 JF

ORDER[1] DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I. BACKGROUND

On April 27, 2004, a jury convicted Petitioner Ray Richard Renfro ("Renfro") of three sex crimes against the minor son of his live-in girlfriend: count one, lewd and lascivious acts with a child under the age of fourteen (Cal. Pen. Code § 288(a))[2]; count four, oral copulation with a child age sixteen by a person at least ten years older (§ 288a(b)(1)); and count five, sodomy with a child age seventeen ( § 286(b)(1)). Renfro had a prior conviction for lewd and lascivious

---

[1] This disposition is not designated for publication in the official reports.

[2] Unless otherwise specified, all further statutory citations are to the California Penal Code.

acts with a child (Cal. Pen. Code § 288(a)); that conviction was used as the basis for finding that Renfro was a habitual sexual offender within the meaning of § 667.71, that he had suffered a prior serious felony within the meaning of § 667(a), and that he was subject to the Three Strikes Law as contained in § 667(c)-(j).  On June 15, 2004, the trial court sentenced Renfro to fifty years to life on count one with an enhancement of five years under § 667(a); and to the upper term of six years on counts four and five, all terms to be served consecutively.  The judgment was affirmed in an unpublished opinion filed August 9, 2005.  Renfro's petition for review was denied on November 16, 2005.

Renfro timely filed the instant habeas petition on February 21, 2006, asserting the following grounds for relief:  (1) the trial court permitted the prosecutor to cross-examine Renfro on topics beyond the scope of direct examination, in violation of Renfro's privilege against self-incrimination; (2) and (3) the admission of prior bad acts violated Renfro's due process rights; (4) the trial court's improper admission of hearsay evidence violated Renfro's due process rights; (5) and (6) the trial court's use of CALJIC No. 2.50.01 violated Renfro's due process rights by permitting conviction solely based upon predisposition and misleading the jury regarding the prosecution's burden of proof; (7) and (8) the revival of a time-barred molestation claim pursuant to § 803(g) violated the ex post facto clause and due process clause of the United States Constitution; (9) the trial court improperly denied a jury trial on the aggravating factors, in violation of Renfro's constitutional rights; (10) the trial court denied a jury trial on the prior conviction, in violation of the Sixth Amendment; and (11) CALJIC No. 17.26 improperly directed a verdict, in violation of the Fifth and Sixth Amendments.

## II. LEGAL STANDARD

Where, as here, the habeas petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a petitioner:

> can prevail on a claim 'that was adjudicated on the merits in State court' only if he can show that the adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

Case No. C 06-189 JF
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(JFLC2)

1  *Musladin v. Lamarque*, 555 F.3d 830, 834 (9th Cir. 2009) (citing 28 U.S.C. § 2254(d)).

2  "A state court decision will be 'contrary to' federal law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from' a Supreme Court case yet reaches a different result." *Id*. (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "It will involve an 'unreasonable application of' federal law only if it is 'objectively unreasonable.'" *Id*. (quoting *Williams*, 529 U.S. at 409). The state court decision tested under these standards is the decision of the highest state court to provide a reasoned decision on the merits. *Id*. If the state court decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court authority, the federal court must resolve the constitutional claim without the deference that the AEDPA otherwise requires. *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008).

## III. DISCUSSION

**A.   The Prosecutor's Cross-Examination Of Renfro Did Not Violate Renfro's Privilege Against Self-Incrimination (Ground 1)**

Renfro was charged with molesting Steven, the son of his live-in girlfriend Margaret. The molestation allegedly began when Steven was twelve and ended when Steven reported the sexual abuse after turning eighteen. According to Steven, the sex acts occurred with increasing frequency as he aged, occurred at least three times a week when he was sixteen and seventeen, and included oral copulation, mutual masturbation, and sodomy.

Renfro testified on direct examination that it was Steven who "kept coming on to him." Renfro admitted to sexual contact with Steven, but testified that such contact was initiated by Steven and began only after Steven turned eighteen. Renfro testified that after the sexual relationship began, Steven decided that he wanted Renfro to act as a father to him, and that Renfro and Steven threw away the sexual paraphernalia they had used together. According to Renfro, however, Steven "came onto" him again several days later, at which point Renfro told Margaret about the relationship.

On cross-examination, over Renfro's objection, the prosecutor questioned Renfro about prior acts of sexual molestation, including (1) an incident in which Renfro's then-wife caught

him orally copulating a boy named Jim, aged twelve or thirteen, who was an overnight guest in their home, and (2) Renfro's long-term sexual molestation of his stepdaughter, Sarah, beginning when she was age nine and progressing to oral copulation and intercourse when she was age ten. The prosecutor had presented evidence of these prior molestations in its case in chief, including testimony of Renfro's ex-wife about the incident with Jim, and testimony of Sarah as to Renfro's abuse of her.

Renfro claims that the trial court violated his privilege against self-incrimination by permitting the prosecution to cross-examine him regarding the prior molestations of Jim and Sarah, because those molestations were outside the scope of direct examination. The Court of Appeal[3] rejected this claim, noting that under California law "[i]t is settled that the trial court is given wide discretion in controlling the scope of relevant cross-examination." *See People v. Farnam*, 28 Cal.4th 107, 187 (2002). The appellate court concluded that "[t]he testimony of the incidents with Jim and Sarah was relevant to contradict defendant's testimony that portrayed him as the pursued rather than the pursuer and characterized him as a man with complete self-control when temptation was laid before him." The court concluded further that "[d]efendant's prior sexual interest in young victims was impliedly relevant to contradict his assertions that he did not engage in any sexual behavior with Steven until he was 18 years old."

Renfro has not established that the trial court's ruling was contrary to, or an unreasonable application of, Supreme Court authority. A defendant who testifies on his own behalf waives his Fifth Amendment privilege against self-incrimination at least to the extent of the scope of relevant cross-examination. *Johnson v. United States*, 318 U.S. 189, 195 (1943). Renfro has not cited, and this Court has not discovered, any Supreme Court case suggesting that cross-examination of a criminal defendant regarding his prior sexual molestation of children is outside the scope of the defendant's direct examination regarding charged sexual molestation of a child,

---

[3] Renfro presented all of the grounds for relief asserted in the instant petition by way of direct appeal to the California Court of Appeal and then by petition for review in the California Supreme Court. Because the California Supreme Court issued a postcard denial of Renfro's petition for review, the appellate court's decision is the decision of the highest state court to provide a reasoned decision on the merits.

where the prior and charged molestations are similar in significant respects.

**B.      Admission Of Evidence Of Prior Bad Acts Did Not Violate Renfro's Due Process Rights (Grounds 2-3)**

Prior to trial, the prosecutor sought leave to introduce evidence of Renfro's prior molestations of Jim and Sarah. The trial court granted the prosecutor's motion over Renfro's objection. The Court of Appeal held that the trial court's ruling was proper under California Evidence Code § 1108. Section 1108 provides in relevant part that: "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352." Cal. Evid. Code § 1108(a). Section 352 provides as follows: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." Cal. Evid. Code § 352. The Court of Appeal concluded that the evidence of Renfro's prior molestations of Jim and Sarah was probative, citing *People v. Fitch*, 55 Cal. App. 4th 172, 179 (1997) for the proposition that evidence of a "prior sexual offense is indisputably relevant in a prosecution for another sexual offense." The appellate court noted the similarity between Renfro's act of oral copulation with Jim, a teenage boy staying in his household, and the charged acts. The court found equally compelling the similarity between Renfro's long-term abuse of Sarah and the alleged long-term abuse of Steven. The appellate court concluded that the crimes against Jim and Sarah did not confuse the issues to be determined at trial and were not more inflammatory than the charged crimes.

Renfro claims that admission of the evidence of his prior molestations of Jim and Sarah violated his due process rights. "[T]he Due Process Clause guarantees the fundamental elements of fairness in a criminal trial." *Spencer v. State of Texas*, 385 U.S. 554, 563-64 (1967). "But it has never been thought that such cases establish this Court as a rule-making organ for the promulgation of state rules of criminal procedure." *Id.* at 564. Accordingly, a trial court's admission of evidence of a defendant's prior crimes in compliance with the state's criminal

5

evidentiary law generally does not give rise to a due process challenge. *Id*. at 562. Renfro has not identified, and this Court has not discovered, any Supreme Court case suggesting that, under circumstances such as those present in this case, a trial court's admission of a defendant's prior crimes under California Evidence Code § 1108 would render the trial so unfair as to constitute a due process violation. Renfro thus has failed to demonstrate that the appellate court's ruling on this issue was contrary to, or an unreasonable application of, Supreme Court authority.

**C.  Admission Of Steven's Statement To Police Did Not Deprive Renfro Of A Fair Trial (Ground 4)**

Over Renfro's objection, the trial court admitted the testimony of one of the investigating officers, Detective Downs, regarding a statement Steven made during a police interview. Detective Downs testified that Steven told him that Renfro sometimes swallowed Steven's ejaculate and sometimes rubbed the ejaculate on his own (Renfro's) penis. The trial court admitted the testimony pursuant to California Evidence Code § 356 based upon defense counsel's earlier representation that he planned to question Detective Downs about Steven's interview. California Evidence Code § 356 provides:

> Where part of an act, declaration, conversation, or writing is given in evidence by one party, the whole on the same subject may be inquired into by an adverse party; when a letter is read, the answer may be given; and when a detached act, declaration, conversation, or writing is given in evidence, any other act, declaration, conversation, or writing which is necessary to make it understood may also be given in evidence.

Cal. Evid. Code § 356. The state appellate court held that the statement properly was admitted pursuant to § 356.

As discussed above, a state court's evidentiary ruling generally will not give rise to a due process violation; the defendant must show that the ruling rendered the trial fundamentally unfair. *See Spencer*, 385 U.S. at 563-64. Renfro argues that the statement was so inflammatory, irrelevant, and prejudicial as to render the trial fundamentally unfair. The state appellate court concluded that given all of the testimony regarding repeated substantial sexual conduct between Renfro and others, including Renfro's own testimony regarding activity with a "dildo" and Vaseline, Detective Down's testimony was not particularly inflammatory or prejudicial. With

respect to relevance, the court noted that defense counsel asked both Steven and Margaret whether there were fluid stains on any of the sheets or furniture in the residence. Presumably defense counsel intended the inference to be drawn that if there were no such stains, Steven's claims regarding the amount of sexual activity occurring in the home were untrue. The appellate court concluded that under these circumstances Detective Downs's testimony regarding Steven's statement that Renfro swallowed the ejaculate was relevant.

Renfro has not cited, and this Court has not discovered, a Supreme Court case suggesting that the admission of Detective Downs's testimony under these circumstances rendered the trial so unfair as to constitute a due process violation. Renfro thus has failed to demonstrate that the appellate court's ruling on this issue was contrary to, or an unreasonable application of, Supreme Court authority.

**D.    CALJIC No. 2.50.01, Regarding Burden Of Proof On Prior Acts Of Molestation, Did Not Violation Due Process (Grounds 5-6)**

The trial court instructed the jury with CALJIC No. 2.50.01, which concerns the use of predisposition evidence. Renfro claims that this instruction impermissibly permitted jurors to convict him based solely upon predisposition evidence, and that the instruction misled the jury concerning the prosecution's burden of proof. The state appellate court held that the instruction properly was given, noting that the California Supreme Court expressly rejected these precise challenges to CALJIC No. 2.50.01 in *People v. Reliford*, 29 Cal. 4th 1007 (2003). *Reliford* holds that CALJIC No. 2.50.01 permits a jury to draw two reasonable inferences from evidence of prior sexual offenses by the defendant: first, that the defendant has a predisposition to commit sex crimes, and second, that because of this predisposition the defendant was likely to commit, and did commit, the charged sex crime. *Reliford*, 29 Cal. 4th at 1012-13. The decision concludes that despite the fact that the prior sexual offenses need be proved only by a preponderance of the evidence, no reasonable jury would conclude that this lower standard applies to the proof of the charged offense, and no reasonable jury would believe that it could convict a defendant solely based on the prior offense. *Id*. at 1015-16. Renfro has not cited, and this Court has not discovered, any Supreme Court case suggesting that CALJIC No. 2.50.01 is constitutionally

7

infirm. Accordingly, Renfro has failed to establish that the state appellate court's decision on this point was contrary to, or an unreasonable application of, Supreme Court authority.

E.    **The State's Statute Of Limitations, Which Permitted Prosecution On Count I, Was Not Defective Under Ex Post Facto Clause Or Due Process Principles (Grounds 7-8)**

Under count 1, Renfro was charged with lewd and lascivious acts with a child under the age of fourteen in violation of California Penal Code § 288(a). That offense is subject to a statute of limitations of six years. *See* Cal. Penal Code § 800. Renfro moved to dismiss count 1 as time-barred because the information was filed in December 2003, more than six years after the charged molestation, which occurred prior to October 1997. However, California Penal Code § 803(g), a special supplementary statute of limitations for certain sex crimes against minors, permits the filing of a criminal charge after expiration of the limitations period set forth in § 800 as long as the filing occurs within one year from the date the victim first reports the crime to a law enforcement agency. Cal. Pen. Code § 803(g). Steven reported the molestation to the police in November 2003 and the information was filed within one year thereafter in December 2003. Accordingly the charge under § 288(a) was timely under state law.

Renfro claims that the use of § 803(g) to revive a time-barred action violates the ex post facto clause of the United States Constitution, and violates due process because it is fundamentally unfair. The appellate court rejected these arguments, citing *People v. Robertson*, 113 Cal. App. 4th 389, 392-94 (2003), which holds expressly that ex post facto principles do not bar application of § 803(g) to extend a statute of limitations that had not yet expired as of the 1994 effective date of § 803(g). Several subsequent California decisions have held application of § 803(g) to be appropriate if the charged offense occurred after the statute's effective date. *See, e.g.*, *People v. Renderos*, 114 Cal. App. 4th 961, 965 (2003).

Renfro cites *Stogner v. California*, 539 U.S. 607 (2003) in support of his claim that application of § 803(g) is unconstitutional in this case. In *Stogner*, the United States Supreme Court held that applying § 803(g) to extend the limitations period of the charged offense was unconstitutional in cases in which the limitations period already had expired as of January 1, 1994, the effective date of § 803(g). However, the Court noted expressly that its holding did not

Case No. C 06-189 JF
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(JFLC2)

"prevent the State from extending time limits for future offenses, or for prosecutions not yet time barred." *Stogner*, 539 U.S. at 632. Because the charged offense in this case occurred after the effective date of § 803(g), *Stogner* does not bar application of § 803(g) but rather suggests that it constitutionally may be applied. Renfro has not cited, and this Court has not discovered, a Supreme Court case holding to the contrary. *See Renderos v. Ryan*, 469 F.3d 788, 795 (9th Cir. 2006) (holding that state court decisions holding application of § 803(g) constitutional are not contrary to or an unreasonable application of Supreme Court authority).

**F.     Right To A Jury Trial On Aggravating Factors (Ground 9)**

California's determinate sentencing law ("DSL") provides for three precise terms of imprisonment for many crimes: a lower term, a middle term, and an upper term. Under the DSL at the time Renfro was sentenced, the sentencing judge was required to impose the middle term unless the judge found one or more mitigating factors to justify the lower term, or aggravating factors to justify the upper term. Cal. Pen. Code § 1170(b) (2005)[4]; *see also, Cunningham v. California*, 549 U.S. 270, 276-281 (2007) (describing California's DSL). The mitigating or aggravating factors were to be found by the sentencing judge by a preponderance of the evidence. *Cunningham*, 549 U.S. at 276-81.

At Renfro's sentencing, the trial court found the following aggravating factors: Renfro took advantage of a position of trust to commit the offenses because he was a father figure to Steven; Renfro's prior offenses, while minimal, were significant because of their nature, prior sex offenses against children; and Renfro's prior performance on probation in the 1986 case was unsatisfactory because he violated probation. The trial court imposed the upper term of six years on counts four and five, both to be served consecutively.

---

[4] Renfro was sentenced in 2004, and his conviction became final in 2005. California Penal Code § 1170 was amended in January 2005, but the relevant language in § 1170(b) remained unchanged after the 2005 amendment. All references to § 1170(b) herein are to the 2005 version that was in effect at the time Renfro's conviction became final. Secion 1170(b) was amended again in March 2007, and now provides that when a statute specifies three possible terms of imprisonment, the choice of the appropriate term rests within the sound discretion of the sentencing court. Cal. Pen. Code § 1170(b) (2007).

Renfro claims that the trial court erred when it imposed the upper term and imposed consecutive sentences based upon aggravating factors that were not found by a jury or admitted by Renfro. The state appellate court rejected this claim based upon the holding of *People v. Black*, 35 Cal. 4th 1238 (2005) ("*Black I*"), which held that California's DSL was constitutional.

The United States Supreme Court subsequently vacated *Black I* and remanded to the California Supreme Court for reconsideration in light of *Cunningham*, which held that California's DSL violated a defendant's right to a jury trial by permitting the sentencing judge to impose an upper term based upon a fact, other than a prior conviction, not found by a jury or admitted by the defendant. *See Cunningham*, 549 U.S. at 275. In 2007, the California Supreme Court issued its decision on remand in *People v. Black*, 41 Cal. 4th 799 (2007) ("*Black II*"). The California Supreme Court held that nothing in *Cunningham* or in any other United States Supreme Court decision called into question the constitutionality of a trial court's imposition of consecutive sentences under California's DSL. *Black II*, 41 Cal. 4th at 821. Accordingly, the California Supreme Court reaffirmed the trial court's imposition of consecutive terms in that case.

With respect to imposition of the upper term, the California Supreme Court noted that imposition of the upper term of a charged offense comports with the constitutional requirements addressed in *Cunningham* "so long as a defendant is eligible for the upper term by virtue of facts that have been established consistently with Sixth Amendment principles." *Black II*, 41 Cal. 4th at 813. The Ninth Circuit has concurred with this rationale. *See Butler v. Curry*, 528 F.3d 624, 642 (9th Cir. 2008) ("[I]f at least one of the aggravating factors on which the judge relied in sentencing Butler was established in a manner consistent with the Sixth Amendment, Butler's sentence does not violate the Constitution."). The California Supreme Court pointed out in *Black II* that the defendant had a prior conviction that rendered him eligible for the upper term sentence, and that the right to a jury trial does not apply to the fact of a prior conviction. *Black II*, 41 Cal. 4th at 818 (citing *Cunningham*, 549 U.S. at 288). The imposition of the upper term sentence thus did not violate the defendant's constitutional rights. *Id*.

Returning to the instant case, the California Supreme Court made clear in *Black II* that

imposition of consecutive sentences does not implicate the right to a jury trial. *See Black II*, 41 Cal. 4th at 823. Renfro has not cited any United States Supreme Court authority to the contrary.

With respect to imposition of the upper term sentence, the state appellate court relied expressly on the rationale of *Black I*, which has been vitiated by *Cunningham* and *Black II*. Thus the appellate court's decision is contrary to clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). However, this conclusion does not end the habeas inquiry. Even when a district court finds that the § 2254(d)(1) standard has been met, it may not grant habeas relief unless it concludes under a *de novo* standard that there was a constitutional violation. *Butler*, 528 F.3d at 641.

This Court concludes that because the sentencing error in this case was harmless, Renfro is not entitled to relief. *See Washington v. Recuenco*, 548 U.S. 212 (2006) (holding that sentencing errors are subject to harmless error analysis); *Butler*, 528 F.3d at 648. Under the harmless error standard, this Court must grant relief only if it is in "grave doubt" as to whether a jury would have found at least one of the relevant aggravating factors beyond a reasonable doubt. *Butler*, 528 F.3d at 648. The trial court found the following aggravating factors to exist: Renfro took advantage of a position of trust to commit the offenses because he was a father figure to Steven; Renfro's prior offenses, while minimal, were significant because of their nature, prior sex offenses against children; and Renfro's prior performance on probation in the 1986 case was unsatisfactory because he violated probation. The existence of only one qualifying aggravating factor is sufficient to render Renfro eligible for the upper term and thus to render his sentence constitutional. *See Bulter*, 528 F.3d at 641.

Given the record in this case, this Court is completely satisfied that the jury would have found beyond a reasonable doubt that Renfro took advantage of a position of trust to commit the offenses.[5] Margaret and Steven moved in with Renfro in February 1997, the same month that Steven turned twelve years old. The evidence established – and the jury found – that Renfro

---

[5] This factor is expressly listed as a qualifying aggravating factor in the California Rules of Court. Cal. Rules of Ct. 4.421(a) (2001).

began sexually abusing Steven that same year.[6] The evidence was undisputed that: Renfro had a husband/wife type relationship with Margaret; Margaret worked at a fast food restaurant from early in the morning until the afternoon; as a result Margaret often left Steven at home under Renfro's supervision; and Margaret permitted Renfro to take Steven on truck trips during a period in which Renfro worked as a long haul truck driver. Steven testified that much of the abuse occurred when he and Renfro were home alone; that is, when Margaret had left her son under the supervision of her live-in partner, Renfro. The jury found Renfro guilty of count four (oral copulation with a child age sixteen by a person at least ten years older (§ 288a(b)(1)), charging that Renfro molested Steven in the home when Steven was sixteen; and of count five (sodomy with a child age seventeen ( § 286(b)(1)), charging that Renfro molested Steven in the home when Steven was seventeen. Accordingly, the jury determined that Renfro's molestation of Steven began when Steven was twelve and continued at least until Steven was seventeen. Any reasonable jury would conclude on this record that Renfro took advantage of a position of trust to commit the offenses.[7]

**G.     Right To Jury Trial On Sentence Enhancement (Grounds 10 and 11)**

Finally, Renfro claims that the trial court erred in imposing an enhancement based upon a prior conviction under § 288(a) without first requiring the jury to determine if Renfro was the person who suffered the prior conviction and whether the prior was a serious and/or violent felony. In a related claim, Renfro asserts that the trial court erred by giving CALJIC No. 17.26,

---

[6] The offense charged in count one, lewd and lascivious acts with a child under the age of fourteen (Cal. Pen. Code § 288(a)), was based upon an incident that occurred prior to October 1997. The jury found Renfro guilty of count one.

[7] Given the Court's conclusion that the sentencing error was harmless, the Court need not reach Respondent's alternative arguments on this claim. However, the Court notes that none of those arguments appears to be viable. Renfro's claim is not procedurally barred by his failure to object at trial, and *Teague v. Lane*, 489 U.S. 288 (1989) does not apply. *See Butler*, 528 F.3d at 639. Moreover, the prior felony found by the jury cannot be used to justify imposition of the upper term with respect to counts four and five, because that conviction was used to justify imposition of a five-year enhancement under § 667(a). The same prior cannot be used to justify both an enhancement and the imposition of an upper term. *See* Cal. Pen. Code 1170(b) (2005).

1  which instructs the jury to determine whether the defendant has been convicted of a prior offense,
2  but states that the defendant is the person whose name appears on the documents admitted to
3  establish the prior conviction.  Renfro claims that by instructing the jury that he is the person
4  whose name appears in the documents establishing the prior, the trial court in essence directed a
5  verdict.

6        The state appellate court rejected these claims, citing California authority holding that:  a
7  defendant does not have a right to a jury trial on whether he is the person whose name appears on
8  the documents admitted to establish the prior conviction; when the trial court finds that the
9  defendant is the person who is named in the conviction records, it may so instruct the jury; and a
10 defendant does not have a right to a jury trial as to whether the prior conviction qualifies as a
11 sentence enhancement.  *See People v. Garcia*, 107 Cal. App. 4th 1159, 1165 (2003).  This
12 decision is not contrary to, or an unreasonable application of, Supreme Court authority.  The
13 United States Supreme Court has held that a defendant is entitled to a jury trial with respect to
14 facts used to make enhanced sentencing determinations.  *Apprendi v. New Jersey*, 530 U.S. 466,
15 488-90 (2000).  However, prior convictions represent a narrow exception to the constitutional
16 right to a jury determination of sentencing factors.  *Id*. at 490; *Almendarez-Torres v. United*
17 *States*, 523 U.S. 224, 244 (1998).  Accordingly, the trial court could decide the question of
18 identity and whether the prior conviction qualified as a sentence enhancement without violating
19 Renfro's constitutional rights.  *See United States v. Browning*, 436 F.3d 780, 782 (7th Cir. 2006)
20 ("The use of a prior conviction to enhance a defendant's sentence presupposes that it is a prior
21 conviction of *him*, and if there is any doubt on that score the judge has to resolve it."); *United*
22 *States v. Carrillo Beltran*, 424 F.3d 845, 848 (8th Cir. 2005) (no right to jury trial on whether a
23 prior conviction occurring under an alias was attributable to defendant); *Jackson v. Kirkland*,
24 2008 WL 4298217, at *7 (N.D. Cal. Sept. 19, 2008) (no right to jury trial on identity or whether
25 prior conviction qualified for a sentence enhancement).
26 //
27 //
28 //

**IV. ORDER**

The petition for writ of habeas corpus is DENIED.

DATED:  9/29/2009

_____
JEREMY FOGEL
United States District Judge